Hon. Nicholas A. Sordi, Jr. City Attorney, Glen Cove
This is in response to your letter, wherein you state that many years ago, the City of Glen Cove created a Special Police Department. The Special Police are not regular Police Department members, but are appointed by the Commissioner of Public Safety, pursuant to section 5-2 of the Glen Cove City Charter, for "special duty." Nowhere in the City Charter, nor in the Code of Ordinances, is the term "special duty' defined. In practice, the members of the Special Police force are utilized in summer beach patrols, special traffic control situations (e.g. churches, parades, etc.) and emergency ambulance services.
You ask whether, in view of the foregoing, such members of the Glen Cove City Special Police Department are lawfully to be considered "peace officers" within the meaning of the Criminal Procedure Law, and whether such officers may carry weapons, pursuant to the possession and licensing exemptions contained in Penal Law, § 265.20.
Insofar as pertinent, Penal Law, § 265.20 provides:
"Exemptions
 "a. Sections 265.01, 265.02, 265.03, 265.04, 265.05, 265.10, 265.15 and 270.05 shall not apply to:
 "1. Possession of any of the weapons, instruments, appliances or substances specified in sections 265.01, 265.03, 265.04, 265.05 and 270.05 by the following:
 "(a) * * * peace officers as defined in subdivision thirty-three of section 1.20 of the criminal procedure law * * *"
such peace officers are not required to license pistols or revolvers pursuant to Penal Law, Article 400.
CPL 1.20 (33)includes an extensive list of persons who are peace officers. Special policemen of the City of Glen Cove are not specifically included therein, but, depending on the facts, might be peace officers if they are "police officers" (CPL 1.20 [33] [a]). CPL 1.20 (34) is an extensive enumeration of persons who are police officers. Again, Glen Cove Special Police are not specifically included, but may qualify pursuant to CPL 1.20 (34) (d) if they are sworn members of an authorized police department.
Section 5-2 of the Glen Cove City Charter provides:
 "On the application of a corporation or person showing the necessity therefor, the commissioner of public safety may detail a regular member of the police force, or appoint and swear any additional number of special police for the special duty within the city, for which service the applicant shall pay into the police department or to each policeman, such sum as may be agreed upon. The special police so appointed shall be subject to the rules and directions of the police department." (Emphasis supplied.)
The special policemen are not members of the regular police force. They are not appointed from civil service lists and do not contribute to the Glen Cove police retirement system (Retirement and Social Security Law, §§ 384-g, 384-c), but rather, appear to work on an irregular basis, for which they do not receive a regular city salary, but could even be paid directly by a third party. There is no indication that the special policemen have satisfactorily completed a municipal police basic training program, as required by General Municipal Law, § 209-q. Their duties are not defined by law, and they do not have official authority to arrest. Their function is not genuine law enforcement, but more in the nature of providing civic services.
We note in passing that section 5-2 of Glen Cove City Charter permits special police to be appointed "on application" of a third party, and for whose services the applicant "shall" make payment. Said section does not authorize a standing Special Police Department.
From the foregoing, it is our opinion that Special Police appointed pursuant to section 5-2 pf the Glen Cove City Charter are not peace officers within the meaning of the Criminal Procedure Law and, therefore, are not exempted from unlawful weapons possession offenses by Penal Law § 265.20.